IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| LARRY LYNN ROBINSON | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-10-CV-1504-K |
| CHUCK ROBINSON, ET AL. | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Larry Lynn Robinson against Chuck Robinson, the owner of CDR Machine & Fabricating, Inc. ("CDR"), and various CDR employees for race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* On August 2, 2010, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on August 30, 2010. The court now determines that plaintiff should be allowed to prosecute a Title VII hostile work environment claim

against CDR, which should be joined as a defendant, and that his claims against the individual defendants should be summarily dismissed.

## II.

Plaintiff, an African-American, alleges that he was subjected to a hostile work environment while employed by CDR. In particular, plaintiff contends that four co-workers -- Bobby Lindeman, Gilbert Riggens, Felix Cedillo, and Alex Montoya -- made derogatory, offensive, and inappropriate racial comments "almost daily" over a five-month period in 2008. When plaintiff reported this to his supervisor, Frank Sanders, and the company owner, Chuck Robinson, they allegedly told plaintiff that the co-workers were "just jokin" with him. After plaintiff complained two more times, Sanders and Robinson said they would "deal with the issue." However, instead of taking corrective action, plaintiff was terminated by the company in October 2008.

On July 17, 2009, plaintiff filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") accusing CDR of race discrimination in violation of Title VII. The EEOC concluded that plaintiff failed to establish a violation of the statute and issued a right-to-sue letter on May 12, 2010. Plaintiff then filed this action in federal district court.

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

Title VII provides for liability only as to an employer, as defined in the statutes,[1] not an individual supervisor or fellow employee. *See Turner v. Baylor Richardson Medical Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir.), *cert. denied*, 115 S.Ct. 574 (1994). This is true regardless of whether the person is sued in his or her individual or official capacity. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002). Plaintiff does not allege

---

[1] Title VII defines an "employer" as:

> [A] person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person[.]

42 U.S.C. § 2000e(b). Although this definition includes "any agent" of an employer, the Fifth Circuit has noted that the purpose of this language was merely to import *respondeat superior* liability into Title VII. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999).

any facts in his complaint or interrogatory answers which support the conclusion that Lindeman, Riggens, Cedillo, or Montoya were his employers. *See Jackson v. Federal Express Corp.*, No. 3-03-CV-2341-D, 2006 WL 680471 at *14 (N.D. Tex. Mar. 14, 2006) (dismissing Title VII claim against co-worker, noting that Title VII does not permit the imposition of liability upon an individual who does not meet the statutory definition of "employer"). Nor can plaintiff sue Robinson, the owner of CDR, or Sanders, the general manager, in their individual capacities. *See Chavez v. McDonald's Corp.*, No. 3-99-CV-1718-D, 1999 WL 814527 at *2 (N.D. Tex. Oct. 8, 1999) (dismissing Title VII claim brought against supervisor in his individual capacity).

C.

To the extent plaintiff intends to sue Robinson and Sanders in their official capacities,[2] he did not identify either defendant as his "employer" in the EEOC charge. Under Title VII, a plaintiff must exhaust administrative remedies before filing suit in federal court. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1287 (2003). The purpose of the exhaustion requirement is to allow the agency to fully inquire into and attempt to resolve discrimination claims. *See Clayton v. Rumsfeld*, 106 Fed.Appx. 268, 271, 2004 WL 1739465 at *3 (5th Cir. Aug. 4, 2004). While a subsequent lawsuit is not limited to the specific complaints contained in a charge, the suit *is* limited by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charge of discrimination. *See Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995); *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990).

In his EEOC charge, plaintiff stated that he was subjected to racial slurs and racial comments by his co-workers, and "occasionally by Frank Sanders, General Manager and Chuck Robinson,

---

[2] A supervisor is considered an "employer" under Title VII "if he wields the employer's traditional rights, such as hiring and firing." *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998), *citing Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990).

Owner." However, he never identified Sanders or Robinson as his "employer." Rather, the only employer listed by plaintiff in the EEOC charge is CDR. As a result, plaintiff failed to exhaust his administrative remedies prior to filing suit against Sanders and Robinson in their official capacities. *See* 42 U.S.C. § 2000e-5(f)(1) (permitting suit against "the respondent named in the charge").

D.

Although plaintiff has not named CDR as a defendant in this case, it is clear that he intends to seek redress from his employer. The court therefore determines that CDR should be substituted as the proper party pursuant to Fed. R. Civ. P. 21.[3] *See Cheatum v. Blanda*, No. 1-08-CV-299, 2010 WL 1071386 at *4 (E.D. Tex. Feb. 22, 2010), *rec. adopted*, 2010 WL 1071419 (E.D. Tex. Mar. 23, 2010) (liberal construction of *pro se* pleading in Title VII case "made it clear that [plaintiff] was attempting to name, sue, and serve her former employer").

To prevail on his hostile work environment claim, plaintiff must show: (1) that he belongs to a protected class; (2) that he was subject to unwelcome harassment; (3) that the harassment was based on race; (4) that the harassment affected a term, condition, or privilege of his employment, and (5) that the employer knew or should have known of the harassment and failed to take prompt remedial action. *See Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). Plaintiff has alleged sufficient facts in his complaint and interrogatory answers to satisfy each of these elements. Consequently, he should be permitted to prosecute his Title VII hostile work environment claim against CDR.

---

[3] Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

FED. R. CIV. P. 21.

## RECOMMENDATION

Plaintiff should be allowed to prosecute his Title VII hostile work environment claim against CDR, which should be joined as a defendant. His claims against the other defendants should be summarily dismissed.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 8, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE