IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY LYNN ROBINSON | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-10-CV-1504-K-BD |
| CDR MACHINE & FABRICATING, INC. | § § § § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant CDR Machine & Fabricating, Inc. ("CDR") has filed a motion for summary judgment in this *pro se* race discrimination case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. In his complaint and interrogatory answers, plaintiff, who is African-American, alleges that he was subjected to a hostile work environment "almost on a daily basis" from May 2008 through October 2008 while employed at CDR. (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #1(b), 3(b), 4(a)). More particularly, plaintiff alleges that his co-workers, including Alex Montoya, Felix Cedillo, Bobby Lindeman, and Gilbert Riggens, referred to him as a "monkey" and a "black a** n*****," and made racially offensive statements such as "that black a** n***** can't do anything right," "I hate that n*****," and "look at his nappy hair black a**." (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #1(f)). Plaintiff states that he reported this conduct to Chuck Robinson, the owner of the company, and to Frank Sanders, the general manager, "about three times" in June, July, August, and September 2008. (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #1(b) & (e)). However, nothing was done. (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #1(f)). Instead,

plaintiff alleges that he was fired following a meeting with Robinson and Sanders in October 2008. (*See* Plf. Compl. at 5, ¶ V; Mag. J. Interrog. #3(e)). Defendant now moves for summary judgment on the grounds that the conduct alleged by plaintiff does not give rise to a hostile work environment claim. Alternatively, defendant seeks summary judgment on its *Ellerth/Faragher* defense. The issues have been briefed by the parties, and the motion is ripe for determination.[1]

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A movant who bears the burden of proof at trial must establish "beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). By contrast, a party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant

---

[1] In a separate motion, defendant moves to strike the Affidavit of Shane Chavoya and allegations made by plaintiff describing certain conversations with Roaland Melrose. The court has not considered any of this evidence in ruling on the motion for summary judgment. Consequently, defendant's motion to strike [Doc. #48] is denied as moot. *Continental Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3-04-CV-1866-D, 2006 WL 984690 at *1 n.6 (N.D. Tex. Apr. 14, 2006) (overruling as moot objections to evidence that is not considered by the court in deciding motion for summary judgment).

or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

To prevail on his hostile work environment claim, plaintiff must prove that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his race; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *See Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353 (5th Cir. 2001). For harassment to affect a term, condition, or privilege of employment, it must be sufficiently severe or pervasive to create a work environment that is "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Lauderdale v. Tex. Dept. of Criminal Justice*, 512 F.3d 157, 163 (5th Cir. 2007), *quoting Faragher v. City of Boca Raton*, 524 U.S. 775, 787, 118 S.Ct. 2275, 2283, 141 L.Ed.2d 662 (1998). Here, plaintiff's verified complaint and sworn interrogatory answers contain just enough evidence to create a genuine issue of material fact with respect to his hostile work environment claim. According to plaintiff, who is African American, he was subjected to unwelcome harassment in the form of racial slurs directed towards him by co-workers "almost on a daily basis" over a five-month period, including repeated use of the "n-word" and racially offensive terms such as "black a**" and "monkey." The frequency, duration, and severity of this harassment, at least as attested to by plaintiff under penalty of perjury, suggest that it was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002), *quoting Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993). Plaintiff further states under oath that he reported this offensive

conduct to the owner and general manager of the company at least three times, but neither took corrective action. Although defendant has adduced a considerable amount of evidence to refute these factual assertions, (*see* Def. MSJ App. at 17-54), the court is constrained on summary judgment to review all evidence in the light most favorable to the non-movant. *Rosado*, 5 F.3d at 123; *see also Turner v. Baylor Richardson Med. Cntr.*, 476 F.3d 337, 343 (5th Cir. 2007), *citing Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 210 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000) (court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment). Thus, the court must conclude that there is a genuine issue of material fact for trial.

Nor is defendant entitled to summary judgment on its *Ellerth/Faragher* defense. An employer who has not taken a tangible employment action against an aggrieved employee may have an affirmative defense to a hostile work environment claim if: (1) the employer exercised reasonable care to prevent and correct promptly any harassing behavior; and (2) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *See Williams v. Administrative Review Bd.*, 376 F.3d 471, 478 (5th Cir. 2004), *citing Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S.Ct. 2257, 2270, 141 L.Ed.2d 633 (1998). The burden is on the employer to prove both elements of this defense by a preponderance of the evidence. *See Aryain v. Wal-Mart Stores Texas, LP*, 534 F.3d 473, 483 (5th Cir. 2008). Here, there is at least some evidence in the summary judgment record that plaintiff suffered an adverse employment action which, if proved, would make a *Ellerth/Faragher* defense unavailable. In his sworn EEOC charge and interrogatory answers, plaintiff states that he was discharged by CDR in October 2008. (*See* Plf. Compl., Attch. at 5; Mag. J. Interrog. #3(e)). Defendant counters with the sworn statement of Chuck Robinson, who maintains that plaintiff quit

voluntarily after being warned about excessive absenteeism. (*See* Def. MSJ App. at 49, 53-54). This conflicting evidence cannot be resolved by the court on summary judgment.[2]

## RECOMMENDATION

For these reasons, defendant's motion for summary judgment [Doc. #42] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: August 24, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent plaintiff attempts to raise a constructive discharge claim in his summary judgment response, that claim will not be considered by the court. Nowhere in his complaint or interrogatory answers did plaintiff allege that he was constructively discharged by defendant. Nor was this claim presented to the EEOC in a charge of discrimination.